**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH MILLISON** | : | |
| | : | **Civil Action No. 17-1567** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DELAWARE COUNTY** | : | |
| **DEPARTMENT OF PROBATION** | : | |
| **and** | : | |
| **DELAWARE COUNTY** | : | |
| **and** | : | |
| **FRANK SHANNON** | : | |
| **and** | : | |
| **DANIELLE HIBBERT** | : | |
| **and** | : | |
| **John Does 1-10** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this day of            , 2017, upon consideration of the  Motion to Dismiss of

Defendants, Delaware County Department of Probation, Delaware County and Frank Shannon

and Danielle Hibbert  and  any Response thereto, it is hereby **ORDERED** and **DECREED** that

Defendants' Motion is **GRANTED** and all claims are dismissed against moving defendants

Delaware County Department of Probation, Delaware County and Danielle Hibbert with

prejudice. All claims against defendant Frank Shannon are dismissed without prejudice to

plaintiff to file an Amended Complaint restricted to the claim of false arrest/false imprisonment

under the Fourth Amendment setting forth the factual basis for the claim against Shannon as to

the violation of probation..

BY THE COURT:

_____

EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MILLISON | : | |
| | : | Civil Action No. 17-1567 |
| **Plaintiff** | : | |
| vs. | : | |
| | : | |
| DELAWARE COUNTY | : | |
| DEPARTMENT OF PROBATION | : | |
| and | : | |
| DELAWARE COUNTY | : | |
| and | : | |
| FRANK SHANNON | : | |
| and | : | |
| DANIELLE HIBBERT | : | |
| and | : | |
| John Does 1-10 | : | |
| **Defendants** | : | |

## <u>DEFENDANTS' MOTION FOR DISMISSAL PURSUANT TO</u> <u>FED.R.CIV.P. 12(b)(1) and 12(b)(6)</u>

Defendants, Delaware County Department of Probation, Delaware County and Frank Shannon and Danielle Hibbert by and through their undersigned counsel, Holsten & Associates and Suzanne McDonough, Esq. file this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and in support their Motion incorporate the Memorandum of Law contemporaneously filed as if set forth at length, and request that the Court grant the Motion and enter the proposed Order.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

BY: ___SMM2371_____
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA 19063**
**(610) 627-8307**
**Attorney for defendants**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH MILLISON** | : | |
| | : | **Civil Action No. 17-1567** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DELAWARE COUNTY** | : | |
| **DEPARTMENT OF PROBATION** | : | |
| and | : | |
| **DELAWARE COUNTY** | : | |
| and | : | |
| **FRANK SHANNON** | : | |
| and | : | |
| **DANIELLE HIBBERT** | : | |
| and | : | |
| John Does 1-10 | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS'
MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(1) and 12(b)(6)**

## I.    INTRODUCTION

This is action under 42 U.S.C. §1983 against Delaware County Department of Probation, Delaware County, Frank Shannon and Danielle Hibbert filed on April 6, 2017.   Plaintiff seeks monetary damages for an alleged false arrest, wrongful imprisonment, wrongful search and seizure and malicious prosecution against the Delaware County Adult Probation Department, alleged to be a department of Delaware County, against his Probation Officer Shannon and Probation Supervisor Hibbert.   (The Complaint of Plaintiff is attached hereto as Exhibit A.)

## II.   FACTS RELEVANT TO THE MOTION

According to the Complaint, plaintiff was convicted of corruption of the morals of a minor on April 29, 2016 and is serving a sentence of five years probation.  (Complaint at ¶8).

Part of the probationary sentence was that plaintiff undergo polygraph examinations periodically. (Complaint at ¶9). On December 13, 2016, plaintiff alleges that his polygraph results were deemed inconclusive and alleges that he was instructed during this examination to cross his legs and engage in other unusual behavior. (Complaint at ¶¶10, 11). Thereafter on December 15, 2016, his Probation Officer, Shannon, met with him and advised him that he was in violation of his parole. (Complaint at ¶12). As a result, plaintiff was handcuffed and taken to his father's home in Havertown and the property was searched resulting in confiscation of his stepmothers computer so as to search the internet search history. (Complaint at ¶¶13, 14). After this search, plaintiff's home was searched and plaintiff was returned to the probation office and told that the computer search revealed that plaintiff had researched ways to obtain inconclusive polygraph results. (Complaint at ¶17). Plaintiff claims that the date he allegedly searched the internet and used the search information were incorrect and that Shannon admitted a mistake on the timing but incarcerated plaintiff for five days from December 15 to December 20, 2016. (Complaint at ¶¶18-20). After the period of incarceration plaintiff was released without being charged and never provided written notice of the charges. (Complaint at ¶¶22, 25). Plaintiff denies using the computer for the search, agreed to take another polygraph but Shannon refused. (Complaint ¶¶ 23-24). Plaintiff alleges he previously passed a polygraph with respect to his children. (Complaint at ¶26). Plaintiff claims that some of the questions given on polygraph examinations by the examiner are outside of the agreed Order and alleges that thus Shannon's actions were in violation of the Court's Order that Shannon made a decision to violate without providing due process to plaintiff. (Complaint at ¶30). And Plaintiff claims that at the time Danielle Hibbert was acting as Shannon's superior. (Complaint at ¶21). Plaintiff alleges that the conduct of all

defendants was part of a custom, policy and/or practice and specifically that his arrest, imprisonment and prosecution was without probable cause. (Complaint at ¶21).

The Court docket for the underlying criminal conviction also provides a history of the case indicating that there are ongoing hearings before sentencing Judge Nilon relative to plaintiff's probation.  (See docket attached as Exhibit "B" at CP-23-CR-0000938-201).

## III.   ARGUMENT

### A.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," it is nonetheless plaintiff's obligation to state the grounds of entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556.  Following Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. As)

A federal court, when contemplating a motion to dismiss, is permitted to consider certain materials outside of the pleadings, such as matters of public record and indisputably authentic documents attached to a motion to dismiss. <u>Delaware Nation v. Pennsylvania</u>, 446 F.3d 410, 413 n.2. (3d Cir. 2006) (<u>citing</u> <u>Pension Ben. Guar. Corp. v. White Consol. Industries, Inc</u>., 998 F.2d 1192, 1196 (3d Cir. 1993)). All of the documents attached to Defendant's Motion to Dismiss will be considered because they are matters of public record and/or indisputably authentic documents. <u>See</u> <u>Streshenkoff v. Tutko</u>, 2014 WL 4262177, at \*5, n.3 (W.D. Pa. Aug. 27, 2014) (a detainer is both an indisputably authentic document, as well as a public document); <u>Wims v. New York City Police Dept</u>., 2011 WL 2946369, at \*3, n.2 (S.D.N.Y. July 20, 2011) ("The state prosecution of an individual is a matter of public record, of which a court may take judicial notice."); <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice").

## 1.   <u>LACK OF SUBJECT MATTER JURISDICTION</u>

Federal Rule of Civil Procedure 12(b)(1) also  authorizes dismissal of a complaint for lack of subject matter jurisdiction. <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000).  Since Eleventh Amendment immunity deprives a court of subject matter jurisdiction, a motion to dismiss based on Eleventh Amendment grounds "may properly be considered a motion to dismiss the complaint for lack complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." <u>Blanciak v. Allegheny Ludlum Corp</u>., 77 F.3d 690, 694 n.2 (3d Cir. 1996).

Plaintiff brings federal claims pursuant to § 1983 against Delaware County alleging that the Delaware County Department of Probation is a Department of the County. (Complaint at ¶4). However, the Delaware County Department of Probation is itself a non-entity but rather a

department of the Court of Common Pleas of Delaware County, a judicial party and not the County of Delaware.  The Eleventh Amendment prohibits suits against state agencies and departments as well as states themselves. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 (1984). The Delaware County Office of Probation and Parole, as are all County Probation and Parole Departments, is a part of the Courts of Common Pleas for the various judicial districts and the  judicial districts are state entities for purposes of Eleventh Amendment immunity. See Benn v. First Judicial Dist., 426 F.3d 233 (3d Cir. 2005); Haybarger v. Lawrence Cnty. Adult Prob. and Parole, 551 F.3d 193, 198 (3d Cir. 2008). See also Henry v. Phila. Adult Prob. and Parole, 297 F. App'x 90, 91 n.1 (3d Cir. 2008) (noting that the Philadelphia Adult Probation and Parole Department is an arm of Pennsylvania and that the "Eleventh Amendment would have barred any claims on appeal against the PAPPD").

Thus, defendant Delaware County Department of Probation is an agency of the Commonwealth of Pennsylvania and immune from plaintiff's suit under the Eleventh Amendment. Pennsylvania has specifically withheld consent to sue by statute.  42 PA.C.S. § 8521  (1998).   The constitutional protections afforded to the states under the Eleventh Amendment also expressly apply to claims involving the various county common pleas court agencies, like county probation offices, which are defined by statutes as institutions of state governing. Haybarger v. Lawrence Cnty. Adult Prob. And Parole, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity"); see, e.g., Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000) (noting that "[a]ll courts and agencies of the unified judicial system" are part of the Commonwealth government).  A county probation department operates under the authority of the court. See Commonwealth v. Druce, 868 A.2d 1232, 1238 (Pa. Super.

2005) (Dauphin County Adult Probation and Parole Office is an arm of the court); L.J.S. v. State Ethics Com'n, 744 A.2d 798, 802 (Pa. Commw. Ct. 2000) (County's chief adult probation officer was a "judicial officer").  The courts of common pleas in Pennsylvania delegate authority to county probation officers to detain defendants who violate probation. See Commonwealth v. Kelly, 931 A.2d 694, 698 (Pa. Super. 2007) (county probation department, as agent of court, was authorized to detain defendant for violating his probationary sentences); see also 42 Pa. C.S.A. § 9913 (a probation officer shall have police powers and authority throughout this Commonwealth to arrest, with or without a warrant, writ, rule or process, any person on probation, intermediate *1313 punishment, or parole under the supervision of the court for failing to report as required by the terms of that person's probation, intermediate punishment or parole or for any other violation of that person's probation, intermediate punishment or parole.) As such, Defendant Shannon as an agent of the court, had the authority to arrest Plaintiff for allegedly violating his probation.  See Commonwealth v. Kelly, 931 A.2d 694, 698 (Pa. Super. 2007) (county probation department, as agent of court, was authorized to detain defendant for violating his probationary sentences); see also 42 Pa. C.S.A. § 9913 (a probation officer shall have police powers and authority throughout this Commonwealth to arrest, with or without a warrant, writ, rule or process, any person on probation, intermediate punishment, or parole under the supervision of the court for failing to report as required by the terms of that person's probation, intermediate punishment or parole or for any other violation of that person's probation, intermediate punishment or parole).

Claims made against Hibbert as supervisor and Shannon as probation officer in their official capacity are also barred by Eleventh Amendment immunity.  Hafer v. Melo, 502 U.S. 21, 25 (1991).

6

2.  **FOURTEENTH AMENDMENT AND DUE PROCESS CLAIMS MUST BE DISMISSED**

Plaintiff's Fourteenth Amendment claim should be dismissed. The Third Circuit has held that that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (citing United States v. Lanier, 520 U.S. 259, 117 S. Ct. 1219, 137 L. Ed. 2d 432, 272 n. 7, 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Here, the Plaintiff's allegation arise from his allegedly improper arrest. This claim of improper arrest and the related claims of false imprisonment and malicious prosecution are properly analyzed under the Fourth Amendment.  Plaintiff's Complaint also refers to an alleged due process claim which should also be dismissed as plaintiff's  claim is clearly premised on an alleged Fourth Amendment violations. "[A]s the gravamen of his lawsuit is so clearly premised on a First and/or Fourth Amendment violation based upon his alleged malicious prosecution and arrest without probable cause, the Court will dismiss the procedural due process claim along with the substantive due process claim." Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792-93 (3d Cir. 2000)).

3.  **ALL CLAIMS AGAINST DELAWARE COUNTY MUST BE DISMISSED**

As previously mentioned, the Delaware County Department of Probation is a state judicial entity rather than a department of the County and the County is improperly named as a defendant in this case and should be dismissed.

4.  **CLAIMS AGAINST DANIELLE HIBBERT MUST BE DISMISSED**

All claims against Danielle Hibbert are based upon a simple allegation that she was the supervisor of Probation Officer Shannon when Plaintiff was arrested.  (Complaint at ¶21).

However, to state a claim under §1983, the Plaintiff must show that the supervisory defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. See Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). "Allegations of participation or actual knowledge and acquiescence, however, [*22] must be made with appropriate particularity." Rode v. Dellarciprete, 845 F. 2d 1195, 1207 (3d Cir. 1988). See also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  Here there is no allegation of factual basis stated of direct personal involvement of Defendant Hibbert with respect to any cause of action set forth in this complaint.  Further, Plaintiff has also failed to identify a policy which is a "moving force" behind an allegedly improper arrest or provide any factual predicate for any claim against a probation official based upon polices or practices and such claims must be articulated with specificity.  As the present §1983 claim cannot survive solely on the grounds of supervisor liability, claims against Hibbert must be dismissed with prejudice.

## 5.   PLAINTIFF FAILS TO STATE A VIABLE MUNICIPAL LIABILITY CLAIM

As previously discussed, the Court of Common Pleas of Delaware County is the judicial entity with responsibility for the Delaware County Adult Probation and Parole department and for municipal liability the entity would be the 32nd judicial district, the Court of Common Pleas of Delaware County  is not a municipality and such a claim for alleged unconstitutional polices

and practices are barred by eleventh amendment immunity. See <u>Haybarger v. Lawrence Cnty.</u>

<u>Adult Prob. and Parole</u>, 551 F.3d 193, 198 (3d Cir. 2008)

### 6.   <u>CLAIMS FOR UNLAWFUL ARREST AND MALICIOUS PROSECUTION MUST BE DISMISSED</u>

Under Pennsylvania law, a probation officer may arrest a probationer if the officer has

probable cause to believe that the probationer has violated his probation—including by failing to

report as required by the terms of his probation. 61 Pa. Stat. § 309.1.  This authority to arrest

exists even without an arrest warrant. <u>Id.</u>; <u>see</u> <u>also</u> <u>Presley v. Morrison</u>, 950 F. Supp. 1298, 1331

(E.D. Pa. 1996).  Plaintiff is also subject to have his premises or any supervisory premises

searched by the probation officer and Plaintiff has not alleged that the search was beyond the

permissible scope in this case and indeed search criteria was found on a computer in a residence

that Plaintiff inhabited as to how to obtain an inconclusive polygraph result.  Plaintiff does not

allege the basis for the arrest that held him for five days, and it can only be presumed he is

claiming that the arrest was solely because of the unsuccessful polygraph.  However, the

probation officer would have had probable cause to arrest and detain Plaintiff for a hearing for

this violation, and the fact that the probation officer did not proceed against him to violate him at

a Gagnon hearing does not provide evidence a false arrest or imprisonment and Plaintiff fails to

set forth sufficient facts to charge his probation officer with false arrest.  Plaintiff's

dissatisfaction with the polygraph operator cannot be attributed to defendant Shannon as a civil

rights violation.

For due process purposes under Pennsylvania law, a defendant is generally entitled to two

separate hearings before probation or parole may be revoked. <u>Gagnon v. Scarpelli</u>, 411 U.S. 778

(1973); <u>see</u> <u>also</u> <u>Goods v. Pennsylvania Bd. Of Probation and Parole</u>, 912 A.2d 226, 236 n.11

(Pa. 2006). The purpose of the first (Gagnon I) hearing is to "ensure against detention on

allegations of violation that have no foundation of probable cause." <u>Commonwealth v. Perry</u>, 254 Pa. Super. 48, 52 (Pa. Super. 1978).   However, there is no requirement that a hearing be held if the Probation Officer elects not to proceed with the violation.  The fact that Plaintiff did not have a hearing in this case just as easily resulted from the Probation Officer deciding not to proceed on the violation and Plaintiff does not allege that he was released from custody by judicial Order and so it is a reasonable assumption that Probation Officer Shannon permitted his release.

There is no allegation here that the Probation Officer did anything other than to arrest Plaintiff for a violation of probation and there is no evidence that he ever testified in Court or filed any paper work or presented evidence against Plaintiff at any hearing.  Thus there is also no basis for a malicious prosecution claim under the facts of this case.  It appears that the dispute Plaintiff has with his arrest centers more on dissatisfaction with a polygraph examiner and Plaintiff's interpretation of what questions can appropriately be posed to him.  These are not allegations against Probation Officer Shannon and cannot provide any basis for a claim of false arrest or false imprisonment against him in violation of the Fourth Amendment.  Therefore, the claims against Shannon should be dismissed and the Court may determine to grant leave to the Plaintiff to file an Amended Complaint.  However, such should be restricted to a Fourth Amendment claim against Probation Officer Shannon with factual specificity as to why Plaintiff is alleging his arrest for a violation of probation was unlawful.

## 7.  <u>QUALIFIED IMMUNITY</u>

In any event, the revocation of probation proceedings would not expose the individual moving defendants to potential liability as they would be entitled to qualified immunity. Qualified immunity has been said to be an entitlement not to stand trial, not a defense from liability. <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).  This

important immunity protects our law enforcement officers from "undue interference with their duties and from potentially disabling threats of liability," Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir.2005) (citing Elder v. Holloway, 510 U.S. 514 (1994)), should their conduct not be found to have violated clearly established statutory or constitutional law of which a reasonable person would have been aware. Wright v. City of Philadelphia, supra at 599 (citing Harlow v. Fitzgerald, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

Here, the Probation Officer would not have clearly established statutory or constitutional law that they were not entitled to rely upon polygraph personnel who allegedly provided the evidence of the violation that is complained of in this case.  The protective veil of qualified immunity doctrine "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Rowe v. Romano, 940 F.Supp. 798, 802 (E.D.Pa.1996) (Joyner, J.); Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).  In this case, even where reasonable minds would differ about whether additional investigation might have been indicated, there was no violation of a law, or statute, or any constitutional deprivation by any actions of Probation Officer Shannon taken in this case.

## IV.   CONCLUSION

For the reasons which are set forth more fully above, Moving Defendants respectfully request that the Court dismiss the Complaint and enter the proposed Order.

Respectfully submitted,
**HOLSTEN & ASSOCIATES**

**Dated: April 24, 2017**       **SMM2371**_____
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney for Delaware County Department of Probation, Delaware County and Frank Shannon and Danielle Hibbert**

11

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants Delaware County Department of Probation, Delaware County and Frank Shannon and Danielle Hibbert state that a true and correct copy of the within **Motion to Dismiss and Memorandum of Law in Support** of same were served upon the following individual via electronically or United States First Class Mail, this 24th day of April, 2017.

<div style="margin-left:40%;">

Gary Schafkopf, Esq.
Schafkopf Law, LLC
11 Bala Avenue
Bala Cynwyd, Pa.  19004
    and
Matthew B. Weisberg, Esq.
Weisberg Law
7 South Morton Avenue
Morton, Pa.   19070
Attorneys for plaintiff

Respectfully submitted,
**HOLSTEN & ASSOCIATES**


**SMM2371**

_____
**Suzanne McDonough, ESQUIRE**
**Attorney ID No. 29394**
**One Olive Street**
**Media, PA  19063**
**(610) 627-8307**
**Attorney for above-named moving Defendants Delaware County Department of Probation, Delaware County and Frank Shannon and Danielle Hibbert**

</div>