**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH MILLISON | : | |
| 117 Wilson Ave. | : | |
| Havertown, PA 19083 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO. 2:17-cv-01567-ER |
| | : | |
| FRANK SHANNON, Individually | : | **JURY TRIAL OF TWELVE (12)** |
| 201 W. Front Street | : | **JURORS DEMANDED** |
| Media, Pa. 19063 | : | |
| | : | |
| And | : | |
| | : | |
| John Does 1-10 | : | |
| | : | |
| Defendants. | : | |

**FIRST AMENDED**
**CIVIL ACTION COMPLAINT**

### I.  JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331 by virtue of U.S. Const. Amend. IV actionable through 42 U.S.C. §1983.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II.  PARTIES

3. Plaintiff, Joseph Millison, is an adult individual residing at the above-captioned address.

4. Defendant, Frank Shannon ("APO Shannon"), is an adult individual, who at all times material herein formerly acted individually, wrapping himself with the color of state law.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities

currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a Defendant in each and every count and averment listed above and below.

### III.    OPERATIVE FACTS

6.     On or about April 29, 2016, Plaintiff Joseph Millison, plead guilty to Corruption of a Minor and was sentenced to five (5) years probation. Under the terms of his probation, Plaintiff was ordered to undergo periodic polygraph examinations.

7.     On or about December 13, 2016, at approximately 9:30am, Plaintiff underwent an examination with the Pennsylvania Forensic Association ("PFA"). During the examination, Plaintiff was requested to perform several unusual behaviors, such as crossing and uncrossing his legs. The results of the examination were determined to be inconclusive.

8.     On or about December 15, 2016, Defendant, APO Shannon, met with Plaintiff at an probation office and advised Plaintiff that the examination results were inconclusive and claimed that this was a violation of Plaintiff's parole.

9.     Upon information and belief, an inconclusive polygraph examination is not a violation of Plaintiff's parole; only an actual failure in the polygraph examination would result in a violation of Plaintiff's parole.

10.    APO Shannon then handcuffed Plaintiff and escorted Plaintiff to Plaintiff's father's home at 12 Kathleen Court, Havertown, PA 19083 to "search" the property. Plaintiff's father was an approved supervisor.

11.    At the time when APO Shannon handcuffed and detained Plaintiff, Plaintiff has not committed any infraction to provide any reasonable justification, reasonable suspicion, or probable cause to legally justify the arrest and detention.

12.     At 12 Kathleen Court, APO Shannon confiscated Plaintiff's stepmother's computer and searched the internet search history.

13.     After searching the 12 Kathleen Court property, APO Shannon then took Plaintiff, still handcuffed, to Plaintiff's home at 17 Wilson Avenue, Havertown, PA 19083 to "search" Plaintiff's home. When the search concluded, APO Shannon escorted Plaintiff back to the probation office.

14.     APO Shannon then met with Plaintiff and stated that his search of the properties revealed an internet search history on Plaintiff's stepmother's computer which included a search about hot to use counter measures to render a polygraph examination results inconclusive. APO Shannon claimed that the search was performed on December 13, 2016 at approximately between 12:30pm and 1pm.

15.     Upon Plaintiff explaining that a search at that time could not have impacted the earlier examination, APO Shannon admitted his mistake, stated "you are right", but then proceed to incarcerate Plaintiff for approximately five days, from December 15, 2016 until December 20, 2016.

16.     At no time did Plaintiff search for how to use counter measures to render a polygraph examination results inconclusive.

17.     APO Shannon knew that there was no legal basis to imprison Plaintiff when APO Shannon chose to do so.

18.     Plaintiff was released on December 20, 2016 without being charged for any violation; nor was Plaintiff ever given any written notice concerning an alleged violation. Upon information and belief, APO Shannon released Plaintiff on December 20, 2016 in order to avoid appearing before the Court for a Gagnon I hearing without any legal basis to imprison Plaintiff.

19.     APO Shannon violated Plaintiff's due process rights and subjected him to five days incarceration without any legal basis.

20.     As a direct and proximate result of Defendants' misconduct, Plaintiff suffered financial loss and severe emotional distress.

### IV.     COUNTS OF ACTION

### COUNT I
### False Arrest

21.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

22.     At the time of Plaintiff's arrest, i.e. when APO Shannon handcuffed and detained Plaintiff, Plaintiff has not committed any infraction to provide any reasonable justification, reasonable suspicion, or probable cause to legally justify the arrest.

23.     At the time of Plaintiff's arrest, APO Shannon knew that there was to legal basis to arrest Plaintiff.

24.     Defendant's actions stated above, *inter alia*, were committed under the color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

25.     Defendant caused Plaintiff to suffer a false arrest by his wrongful conduct, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

26.     Defendant's willful, reckless and malicious actions were made in an effort to deprive Plaintiff, Joseph Millison, of his rights as set forth above and pursuant U.S. Const. Amend. IV actionable through 42 U.S.C. §1983, as well as common law.

27.     As a direct and proximate result of Defendant's misconduct, Plaintiff suffered financial loss and severe emotional distress.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in his favor and against Defendant, in an amount in excess of seventy-five thousand dollars ($75,000.00), including statutory, punitive, and compensatory damages, as well as any further relief as this Honorable Court deems necessary and just, including injunctive relief, attorney fees, and costs.

## COUNT II
### Wrongful Imprisonment

28. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

29. At the time of Plaintiff's arrest, i.e. when APO Shannon handcuffed and detained Plaintiff, Plaintiff has not committed any infraction to provide any reasonable justification, reasonable suspicion, or probable cause to legally justify the arrest.

30. At the time of Plaintiff's imprisonment, i.e. when APO Shannon imprisoned Plaintiff on December 15, 2016 for five days, Plaintiff has not committed any infraction to provide any reasonable justification, reasonable suspicion, or probable cause to legally justify the imprisonment.

31. At the time of Plaintiff's imprisonment, i.e. when APO Shannon imprisoned Plaintiff on December 15, 2016 for five days, APO Shannon knew that there was to legal basis to imprison Plaintiff and that Plaintiff had not committed any wrong doing. In fact, APO Shannon verbally admitted so to Plaintiff.

32. Plaintiff was released on December 20, 2016 without being charged for any violation. Upon information and belief, APO Shannon released Plaintiff on December 20, 2016 in order to avoid appearing before the Court for a Gagnon I hearing without any legal basis to imprison Plaintiff.

33. Defendant's actions stated above, *inter alia*, were committed under the color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

34. Defendant caused Plaintiff to suffer a false arrest and wrongful imprisonment by their wrongful conduct, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

35. Defendant's willful, reckless and malicious actions were made in an effort to deprive Plaintiff, Joseph Millison, of his rights as set forth above and pursuant U.S. Const. Amend. IV actionable through 42 U.S.C. §1983, as well as common law.

36. As a direct and proximate result of Defendant's misconduct, Plaintiff suffered financial loss and severe emotional distress.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), including statutory, punitive, and compensatory damages, as well as any further relief as this Honorable Court deems necessary and just, including injunctive relief, attorney fees, and costs.

Respectfully Submitted,

| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopf* |
| Matthew Weisberg, Esquire | Gary Schafkopf, Esquire |
| Attorney ID No. 85570 | Attorney ID No. 83362 |
| L. Anthony DiJiacomo, III, Esquire | 11 Bala Ave |
| Attorney ID No.: 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH MILLISON | : | |
| 117 Wilson Ave. | : | |
| Havertown, PA 19083 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO. |
| | : | |
| DEPARTMENT OF PROBATION – | : | |
| DELAWARE COUNTY, et al. | : | **JURY TRIAL OF TWELVE (12)** |
| Probation/Parole officer | : | **JURORS DEMANDED** |
| 201 W. Front Street | : | |
| Media, Pa. 19063 | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

We, Matthew B. Weisberg and Gary Schafkopf, hereby certify that on this 8th day of May, 2017, a true and correct copy of Plaintiff's First Amended Civil Action was served via regular mail and e-mail upon the following parties:

Suzanne McDonough, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063
E-mail: smcdonough@holstenassoc.com

| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopf* |
| Matthew Weisberg, Esquire | Gary Schafkopf, Esquire |
| Attorney ID No. 85570 | Attorney ID No. 83362 |
| L. Anthony DiJiacomo, III, Esquire | 11 Bala Ave |
| Attorney ID No.: 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |